**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  14-CIV-62535-BLOOM/Valle**

ERIC WEINER,

    Plaintiff,
v.

LVNV FUNDING, LLC,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** came before the Court on Defendant LVNV Funding, LLC's ("Defendant") Motion to Dismiss, ECF No. [10] (the "Motion") Plaintiff Eric Weiner's ("Plaintiff") Complaint, ECF No. [1].  The Court has carefully reviewed the Motion, all opposing and supporting filings, and the record in this case, and for the reasons set forth below, **GRANTS** the Motion.

**I.  BACKGROUND**

Plaintiff's one-count complaint seeks actual and statutory damages for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Plaintiff states that he is alleged to have incurred a financial obligation to Citibank South Dakoda, N.A.  Compl. ¶ 8.  Plaintiff alleges that he sent Defendant a "dispute letter," and that such letter was received by Defendant. *Id.* ¶¶ 8-9.  Plaintiff claims that Defendant violated section 1692e(8) of the FDCPA "by communicating false information with third parties by failing to close the existence of Plaintiff's dispute with third parties." *Id.* ¶ 11.

## II.     DISCUSSION

While the notice pleading standard is not burdensome, Plaintiff's Complaint is so devoid of factual support that it fails to meet it.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002); *see also Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[T]he factual allegations" in the complaint "must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

While the court is required to accept as true all allegations contained in the complaint and evaluate all plausible inferences derived from those facts in favor of the plaintiff, *see Chaparro*

*v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012), courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Further, conclusory allegations and unwarranted deductions of fact are not entitled to an assumption of truth.  *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *Amer. Dental Ass'n v. Cigna*, 605 F.3d 1283, 1290 (11th Cir. 2010); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

Plaintiff's Complaint does no more than recite the required elements to state a claim under the FDCPA.  The only "facts" alleged are that Plaintiff incurred a debt, sent a "dispute letter" to Defendant, and that Defendant "violated § 1692e(8) by communicating false information with third parties by failing to close the existence of Plaintiff's dispute with third parties."  Plaintiff provides no information as to the alleged debt and its relation to Defendant.  He provides no information about the letter he claims to have sent to Defendant.  He provides no information about Defendant's alleged communication with third parties or how Defendant failed to "close the existence" of Plaintiff's dispute.  Plaintiff may lack access to all the details of Defendant's allegedly improper communications with third parties.  But Plaintiff provides so little factual support as to render his allegations merely speculative.  The Complaint's deficiencies are all the more egregious concerning the information purportedly within Plaintiff's knowledge – such as the nature of the alleged debt and the content and context of the alleged "dispute letter."

The instant Complaint is the archetypical "naked assertion devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678.  Plaintiff has provided only conclusory statements not afforded any presumption or truth, and has failed to supply sufficient factual detail to allow

3

Defendant to discern the nature and scope of his claim. *See Twombly*, 550 U.S. 555 ("formulaic recitation of the elements of a cause of action" is insufficient); *Amer. Dental*, 605 F.3d at 1289-90 (conclusory allegation not entitled to presumption of truth); *Swierkiewicz*, 534 U.S. 512 (complaint must provide defendant fair notice of plaintiff's claim); *Randall*, 610 F.3d at 705 (same). "Rule 8(a) does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Springman v. City of Venice*, 439 F. App'x 861, 865 (11th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678-79). The Court will therefore dismiss the Complaint, with leave to amend. *See*, *e.g.*, *Hasbun v. Recontrust Co.*, 2011 WL 3837100, at *2 (S.D. Fla. June 29, 2011); *Marcus v. Carrasquillo*, 782 F. Supp. 593, 599 (M.D. Fla. 1992) (finding insufficient facts alleged to state a claim, and therefore dismissing claim with leave to amend).

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendant LVNV Funding, LLC's Motion to Dismiss, ECF No. [10], is **GRANTED**.
2. Plaintiff Eric Weiner's Complaint, ECF No. [1], is **DISMISSED without prejudice**. Plaintiff is granted leave to amend within **fifteen (15) days** of this order.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Florida, this 16th day of January, 2015.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record