UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-62535-BLOOM/Valle

ERIC WEINER,

    Plaintiff,
v.

LVNV FUNDING, LLC,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** came before the Court on Defendant LVNV Funding, LLC's ("Defendant") Motion to Dismiss, ECF No. [23] (the "Motion") Plaintiff Eric Weiner's ("Plaintiff") Amended Complaint, ECF No. [18]. The Court has carefully reviewed the Motion, all opposing and supporting filings, and the record in this case, and for the reasons set forth below, **GRANTS** the Motion.

Plaintiff filed his Amended Complaint after this Court granted Defendant's motion to dismiss his original Complaint, but granted Plaintiff leave to amend. *See* ECF No. [16] (Order); *Weiner v. LVNV Funding, LLC*, 2015 WL 252286 (S.D. Fla. Jan. 20, 2015). As the Court explained, "[w]hile the notice pleading standard is not burdensome, Plaintiff's Complaint [was] so devoid of factual support that it fail[ed] to meet it." Order at 2. Plaintiff's Amended Complaint does not fare much better.

Familiarity with the factual and procedural background, legal principles and law of the case set forth in the Order is assumed. Plaintiff's one-count complaint seeks actual and statutory damages for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

("FDCPA"). Specifically, Plaintiff claims that Defendant violated section 1692e(8), which provides that "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" constitutes "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of the statute. 15 U.S.C. § 1692e(8).

Plaintiff again alleges that "Plaintiff is alleged to have incurred a financial obligation to Citibank South Dakota, N.A." and that "[s]uch financial obligation is a 'debt' as defined by 15 U.S.C. §1691a(5)." Am. Compl. ¶ 7. He again alleges that he sent Defendant a "dispute letter" on May 7, 2014, and that such letter was received by Defendant. *Id*. ¶¶ 8-9. Plaintiff now includes one additional factual allegation:

> On, or about, June 9, 2014, the Defendant communicated with third parties, including, but not limited to, Equifax Information Services, Inc., and Experian Information Solutions, and upon information and belief, provided such third parties with consumer information via electronic means relating to the Plaintiff, however, Defendant failed to also communicate the existence and nature of the dispute contained in the Plaintiff's May 7, 2014 letter to such third parties.

Am. Compl. ¶ 10.

The Court reemphasizes that a complaint cannot survive based only on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original)). "[T]he factual allegations" in the complaint "must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Furthermore, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Plaintiff again asserts, without even the barest minimum of factual enhancement, that he may have incurred a financial obligation, and offers the legal conclusion (which the Court affords no weight) that that financial obligation is a "debt" within the meaning of the FDCPA. The precise nature of Plaintiff's "debt" may not be necessary to successfully plead a FDCPA violation. But some factual allegations supporting the existence of a debt are required to raise the complaint above the merely speculative level. Further, as the Eleventh Circuit explains, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 680). Plaintiff asserts only that "Plaintiff is alleged to have incurred a financial obligation." The Court may equally infer that the underlying allegation of debt was baseless, rendering Plaintiff's FDCPA claim meritless.

Plaintiff states that he sent Defendant a "dispute letter." This amounts to a legal conclusion that whatever Plaintiff may have communicated to Defendant was information within the ambit of section 1692e(8) ("that a disputed debt is disputed"). Ironically, Plaintiff alleges that Defendant "failed to also communicate the existence and nature of the dispute contained in the Plaintiff's May 7, 2014 letter to [the] third parties" to whom Defendant allegedly provided "consumer information via electronic means relating to the Plaintiff." Am. Compl. ¶ 10. But Plaintiff, who purportedly sent the May 7, 2014 letter, again provides absolutely no information about its contents in the Amended Complaint. Again, the allegations Plaintiff provides are conclusory.

3

As the Court noted, Plaintiff may lack access to all the details of Defendant's allegedly improper communications with third parties. As such, his barebones allegations as to Defendant's communications with Equifax and Experian are sufficient. But Plaintiff, if his allegations have any basis in truth, should have access to information regarding his asserted "financial obligation" and "dispute letter." Failing to provide any factual enhancement to those assertions does not provide the Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

In addition, Plaintiff is admonished going forward to strictly adhere to deadlines imposed by the Court and all applicable rules of procedure. Failure to do so will result in appropriate sanctions.[1]

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, ECF No. [23], is **GRANTED**.
2. Plaintiff's Amended Complaint, ECF No. [18], is **DISMISSED without prejudice**. Plaintiff is granted leave to amend by or before **March 14, 2015**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 4th day of March, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Defendant has not shown that it was prejudiced by Plaintiff's two-day-late-filed Amended Complaint.

4

cc: counsel of record